UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v. Case No.: 2:22-cr-71-SPC-NPM

CHARLES BAKOGIANNIS

## OPINION AND ORDER

Before the Court is Defendant Charles Bakogiannis' pro se Motion for Early Discharge from Probation. (Doc. 85). The Government opposes the request, but the Probation office does not. (Doc. 87). For the following reasons, the Court denies the motion.

In June 2023, the Court sentenced Defendant to 36 months' imprisonment and three years of supervised release for drug charges. (Doc. 82). Defendant began his three-year term of supervised release in June 2025, so he has completed just over one year and one month of his term. (Doc. 87 at 3). He states that he has remained in full compliance with all terms and conditions the Court imposed. (Doc. 85). Further, he has maintained stable housing, met his monetary obligations, and had negative urinalysis tests. He requests discharge from supervised release to relocate to New York, where his family lives.

The Court has the power to "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). However, the Court may grant such relief only if it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* The Court must also consider whether certain section 3553 factors favor relief. *Id.* (requiring consideration of most section 3553 factors, but omitting 18 U.S.C. § 3553(a)(2)(A), which relates to the need to promote respect for the law and for just punishment); *Esteras v. United States*, 606 U.S. 185, 204 (2025) (prohibiting courts from considering subsection (a)(2)(A)). In reaching its conclusions here, the Court does not consider the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, nor does the Court consider the kinds of sentences available. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(3).

After considering the law against the record, the Court will not end early Defendant's supervised release for two reasons. First, he committed a drug distribution offense in which he distributed more than a half-kilogram of cocaine. Additionally, the relevant conduct in this case shows that a firearm was involved in the crime. Thus, the nature and circumstances of his offense militate against early termination of supervised release.

Second, the main reason for Defendant's request for termination is that he has complied with the conditions of supervised release and wishes to

relocate to New York. But such compliance is expected, not exceptional. The burden of supervised release is relatively low, especially when compared to the benefit of deterring Defendant from committing a crime. While the Court commends Defendant's purportedly good behavior, it does not merit the unusual reprieve of termination of supervised release—particularly when Defendant has not even completed half of his term. The seriousness of Defendant's offense and the need for deterrence justify his continued supervision. If Defendant wants the Court to transfer jurisdiction to New York, the Court has no objection doing so. He should consult with his Probation Officer on that issue. On this matter, however, the Court finds that keeping Defendant on supervised release is in the best interests of justice, Defendant, and the public.

Accordingly, it is

**ORDERED**:

Defendant Charles Bakogiannis' pro se Motion for Early Discharge from Probation (Doc. 85) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record